BISHOP & CO. *vs.* THE PACIFIC NAVIGATION CO.

April Term, 1888.

On Appeal from Decision of the Chancellor Opening Default.

Judd, C.J., McCully, Preston and Bickerton, JJ. Dole, J., being interested as a creditor of the defendant, took no part in this judgment.

An order opening a default is a matter of discretion and not reviewable, except in a clear case of abuse.

In the absence of any statute, a trustee, under a deed of assignment for the benefit of creditors, cannot set up any defense which the debtor could not set up.

Opinion of the Court, by Preston, J.

This is a suit for the foreclosure of a mortgage over 150 tons, more or less, of copra, laden on the bark Lillian, said bark being at the time of the execution of the mortgage on a voyage from Jaluit, Marshall Islands, to Honolulu.

The suit was commenced and process served on the seventh day of December last, and a decree was made *pro confesso* on the 17th of the same month.

On the 10th of December the defendant made an assignment to W. F. Allen for the benefit of its creditors, and on the 23d of January last a motion was filed on behalf of Mr. Allen to vacate the decree and to be allowed to answer.

The proposed answer was filed with the motion.

On the 31st of January the Chancellor, after hearing counsel on both sides, ordered that the decree be vacated, and the answer allowed to be filed.

From this order the plaintiff appealed.

The trustee, Mr. Allen, sets up by his answer, two matters: 1st. That at the date of the mortgage the copra stated to be mortgaged had been sold, and was not then the property of the

defendant.    2d. That the mortgage was void, the defendant company being at its date insolvent to the knowledge of plaintiffs.

On the argument before us it was urged on the part of the defendant that as the order made was purely discretionary, and the exercise of discretionary power is not a subject of appeal, the appeal should be dismissed.

We are of opinion that an order opening a default, which this in effect is, is a matter of discretion not reviewable except in a clear case of abuse, which we do not consider has been shown in this case, and therefore we decline to interfere with the order made.

At the hearing of the appeal, argument was made by counsel on both sides as to the effect of the deed of assignment upon the rights of the plaintiffs, counsel for the defendant contending that the trustee could set up the fraudulent nature of the deed as against the defendant's creditors.

We are, however, of opinion that in the absence of a statute upon the subject, the trustee cannot set up any defense which the defendant itself could not set up, and consequently that the second answer would not be available for the defense.

We make this observation so that the parties may have the view of the Court upon the matter and conduct the case accordingly.

The first ground of the answer was not touched upon by counsel and we therefore refrain from expressing any opinion.

For the reason stated the appeal must be dismissed.

*F. M. Hatch,* for plaintiff, appellant.

*A. S. Hartwell,* for defendant.