*Attorney-General E. P. Dole* for the defendant.

## C. B. WILSON *v.* LILIUOKALANI.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED APRIL 3, 1901.            DECIDED JULY 16, 1901.

A motion to file an amended bill after demurrer has been sustained to the original bill for want of equity is addressed to the discretion of the Judge and his ruling thereon is not subject to review in the appellate court unless an abuse of discretion is shown.

The decree dismissing the bill in this case should have been without prejudice.

#### OPINION OF THE COURT BY GALBRAITH, J.

The plaintiff filed his bill in equity in the court below containing substantially the following averments:

That prior to June, 1895, the plaintiff and his wife had rendered valuable services to the defendant for which they had not been paid; that on said date his homestead located at corner of Young and Piikoi streets, Honolulu, Oahu, was advertised for sale under foreclosure of mortgage; that the defendant called his attention to this fact, that he was about to lose his home and said that she would buy it for him; that it was understood that Cecil Brown would act for the defendant in the purchase of the property; that relying on the defendant's said promise he discouraged bidders at the foreclosure sale; that his friends understanding

that Brown was buying the property for his use refrained from bidding; that there was only one bid for the property at the sale, that made by Brown at $4,400, although the real value of the property was $7,500; that the property was sold and deeded to Brown who immediately executed a declaration of trust declaring that the defendant furnished the money paid for the property and that he held the same for her exclusive use and benefit; that afterwards Brown delivered to him the commissioner's deed and the declaration of trust relative to said property; that he advised the defendant of all of these facts and she expressed her satisfaction with the same and said to him if at any time thereafter he became financially able he might pay the amount expended and at any event the property should always be used and occupied by the plaintiff and his wife as a home during the remainder of their lives; that afterwards one J. O. Carter, the attorney-in-fact of the defendant, approached him, seeking a fraudulent advantage in regard to the property and misrepresented and wilfully deceived him and persuaded him to give up the title papers to said property under the belief that the defendant was about to make a devise of certain other property to his wife or mother-in-law, that relying on said representations of said attorney-in-fact he delivered said title papers to Carter; that Carter turned these papers over to Cecil Brown who executed a deed for the property directly to the defendant and that since said date the defendant has claimed to own said property free from any trust or claim of the plaintiff; that in the year 1898, the defendant's agent and attorney directed him to vacate the property; that he offered to pay the amount of money the defendant had expended for the same and this offer was refused; that he was occupying the premises as a home at the time of the mortgage sale and has continued to so occupy the same up to this date; that his wife, Eveline Wilson, is now deceased; that in August, 1900, the defendant instituted in the Circuit Court of the First Circuit an ejectment suit against him to recover the possession of said property and $1,000. damages; that he cannot interpose his equitable defense in a court of law

and unless this court will take cognizance of this action he will suffer irreparable loss and injury.

The prayer of the bill is in the alternative (1) That the defendant may be decreed to hold the premises as trustee for him during the remainder of his natural life (2) That the defendant may be decreed to execute a deed conveying to the plaintiff a life interest in the property. An injunction restraining the defendant from selling or leasing the premises pending the hearing or from proceeding with the ejectment suit is also asked for, and a prayer for process and general relief. The injunction was granted. The defendant demurred to the bill on several grounds. After hearing the demurrer was sustained for want of equity in the bill. The plaintiff then asked and was granted leave to move to amend the bill.

The plaintiff afterwards presented to the Judge his amended bill with a motion for leave to file the same. This amended bill after alleging the circumstances preceding the mortgage sale practically as in the original bill proceeds as follows: That in consideration of the services of the plaintiff and his wife, the defendant "promised and agreed to buy in said premises at the said mortgage sale herein referred to for the petitioner and his wife, Eveline, under an agreement that they should always remain in possession of said premises and that the same should be held as a home for the use and benefit of said petitioner and his wife for life; that said respondent further agreed that she would convey the said premises back to the said petitioner at any time that he should reimburse her for the money paid for the property at the mortgage sale; that in consequence of the said representations and "relying implicitly upon the agreement made by said respondent" and "acting solely in consideration thereof" the plaintiff did not try to find purchasers at the sale but discouraged them, telling all his friends of the arrangement; that the property was to be purchased by Cecil Brown for his benefit and that in consequence thereof the property was sold for $1,500. or $2,500. less than its real value.

The remaining allegations of the bill are substantially the

same as in the original bill except that the allegations relative to the wilful deception of Carter in obtaining possession of the title papers are omitted altogether. That part of the prayer of the original bill asking that the defendants be decreed to execute a deed conveying to plaintiff a life interest in the property is changed in the amended bill to one that she be decreed to convey the fee on the receipt of the amount of the money expended in the purchase of the property.

The Circuit Judge denied the motion on the ground that the bill presented was not an amendment but was a new bill and immediately entered a decree dismissing the bill, and dissolving the injunction, with costs. From this decree the plaintiff appeals.

The amended bill does not seek to bring in new parties. The facts relied on for relief are much the same although the form of expression is different. The language is possibly more precise in the amended than in the original bill but the purpose and object of the one is clearly apparent in the other, i. e., the protection or preservation of the interest the plaintiff claimed in the property. It is not important that the form of expression is changed so long as the principal facts relied on for relief are the same. It appears that the amended bill was what it purported to be and was not a new bill.

We do not agree with the Circuit Judge in the reason given for refusing to allow the amended bill to be filed; however, this motion was addressed to his discretion. He could have allowed it or denied it as the circumstances of the case or the interests of justice might have seemed to require and his action thereon would not be subject to review in the appellate court unless the discretion was clearly abused. (See *Bishop & Co. v. The Pacific Navigation Co.*, 7 Haw. 277; *Mist v. Kawelo, ante*, 302.)

Under the ancient rules of the Chancery Courts when a demurrer was sustained for want of equity in the bill the case was out of Court and that was the end of it unless the Chancellor in his discretion permitted further proceedings. The rule is stated as follows:

"Strictly speaking, upon a demurrer to the whole bill being allowed, the bill is out of Court, and no subsequent proceeding can be taken in the case. The Court often, however, on hearing the demurrer gives leave to amend, and there are cases in which it has afterwards permitted an amendment to be made; and it seems that, even after a bill has been dismissed by order, it has been considered in the discretion of the Court to set the cause on foot again." Daniels' Chan. P. & P., 6th Am. Ed., Vol. 1, p. 598.

The strictness of this ancient rule has been modified in most jurisdictions by statute or rule of court. There is neither rule nor statute on the subject in this Territory but the practice of the court in regard to amendments has been liberal. The court has also recognized the practice that when the bill is dismissed it may be without prejudice. (See *Barthrop v. Kona Coffee Co.*, 10 Haw. 402). This practice we think, should have been followed in this case.

The decree appealed from dismissing the bill should have been without prejudice and as it was not the case should be remanded.

It is ordered that the cause be remanded to the Judge of the First Circuit with direction that the decree appealed from be modified so that the dismissal of the bill shall be without prejudice unless the Circuit Judge shall in his discretion allow the amendment and for such further proceedings as may be deemed proper.

*Abraham Lewis, Jr.*, for plaintiff.

*Robertson & Wilder* for defendant.