## S. K. KAEO, ADMINISTRATOR OF THE ESTATE OF AU CON CHEE, DECEASED, *v.* MARSTON CAMPBELL, COMMISSIONER OF PUBLIC LANDS OF THE TERRITORY OF HAWAII, AND AU CHONG.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED MARCH 24, 1911.                DECIDED MARCH 29, 1911.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

PLEADING—*amendment—substantial change of claim.*

An amendment to a bill in equity intended to conform the pleadings to the facts proved will not be allowed when its effect would be to substantially change the petitioner's claim.

OPINION OF THE COURT BY PERRY, J.

These proceedings were commenced by a petition entitled "Bill to declare a trust" and praying that the defendant Au Chong be decreed to hold a certain leasehold in trust for the use and benefit of the estate of one Au Con Chee, deceased, and be ordered to transfer the lease to the plaintiff as administrator of the estate. The allegations of the bill are that in January, 1909, Au Con Chee by purchase at public auction became entitled to a leasehold interest in a certain town lot at Kapaa, Kauai; that on November 17, 1909, Au Con Chee died intestate at Honolulu without having had the lease executed; that on or

about September 24, 1909, the defendant Au. Chong, who is the brother of Au Con Chee, with knowledge of the purchase by the latter, falsely impersonated his brother to a deputy of the commissioner of public lands and fraudulently directed the deputy to cause the lease to be executed to Au Chong, that is, to himself; that the deputy believed Au Chong to be Au Con Chee and by reason of the impersonation and deceit subsequently, in November, 1909, caused to be executed a lease of the property in question to Au Chong; that the plaintiff, as administrator, did not discover these facts until shortly before the filing of the bill; and that Au Chong is insolvent and has refused to comply with a demand to transfer the lease to the plaintiff.

The defendant Au Chong answered denying the false impersonation and all of the other fraud charged. The decree granted the prayer of the bill.

The evidence adduced at the trial was brief and clear. There was absolutely none to support the charges of fraud. This is expressly conceded by counsel for plaintiff both in his brief and orally in this court. What the evidence did show, in addition to the undisputed fact of the purchase at public auction by Au Con Chee in January, 1909, of the lease in question, was that Au Con Chee paid six months' rent for the land and that owing to difficulties, not stated in the evidence, the lease remained unexecuted; that the deputy of the superintendent of public works knew Au Con Chee "pretty well,—a small under-sized man" and "knew his brother" (Au Chong) "especially by a peculiarity of his eyes, half open all the time;" that on or about September 24, 1909, at Kapaa, one (not Au Chong) whom the deputy believed to be Au Con Chee called on him and requested him to transfer the lease to his brother and the deputy replied in effect that the request would be granted; and that subsequently, on or about November 23, 1909, the lease was executed to Au Chong.

The plaintiff now orally offers in this court to amend his bill, as he also did in the trial court, "so that the facts alleged

shall conform to the proof," but precisely what the terms of the proposed amendment would be has not been specified. Presumably its theory would be that by reason of the proceedings had in January, 1909, Au Con Chee in his lifetime, and subsequently his representatives, became entitled to demand and receive from the superintendent of public works a lease of the lot in question, and that Au Chong, having received the lease with full knowledge of these facts, took it as trustee for Au Con Chee and should be compelled to transfer it to the latter's representatives. In other words, the bill would become practically one for specific performance of a contract to lease instead of one for the declaration of a trust on the ground of actual fraud.

While our statute on amendments (R. L., §1738) is liberal we think that under the circumstances the motion for leave to amend should be denied. Even under the statute an amendment to conform the pleadings to the facts proved should not be allowed unless it "does not substantially change the claim." In this instance the amendment would substantially change the claim. The defendant, as the record shows, confined his evidence at the trial to the sole issue of fraud and should be permitted an opportunity to be heard upon any new claim of the petitioner.

The decree appealed from is reversed and the bill is dismissed without prejudice.

*C. C. Bitting* (*Thompson, Clemons & Wilder* on the brief) for plaintiff.

*R. W. Breckons* for Au Chong.