HONOLULU ATHLETIC PARK, LIMITED, A CORPORATION, *v.* H. G. LOWRY, BILLY ORR, CHARLEY REISBERG, JUSTIN FITZGERALD, ROY McARDLE, JOHNNY KANE, "TOOTS" BLISS, CLAUDE WILLIAMS, LOU KENNEDY, JIM SCOTT, ED. KLEPFER, FRED. DERRICK, DON RADER AND JACK BLISS.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.
HON. T. B. STUART, JUDGE.

ARGUED FEBRUARY 25, 1915.            DECIDED MARCH 6, 1915.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

EQUITY—*pleading—amendment of bill.*
    Where after a demurrer to a bill in equity has been sustained leave is asked to file an amended bill it is within the discretion of the judge to allow it if the proposed bill is not "a new bill."
SAME—*injunction bill—useless and ineffectual amendments.*
    Leave to file an amended bill for an injunction should be refused where the time for which the injunctive relief is sought

has passed. Useless and ineffectual amendments to pleadings are properly disallowed.

OPINION OF THE COURT BY ROBERTSON, C. J.

This is a suit in equity commenced on November 25, 1914, in which the complainant prayed that the defendant Lowry be compelled to specifically perform a certain contract alleged to have been entered into by him and the complainant on the 26th day of May, 1914, in and by which Lowry "and his associates" agreed, *inter alia,* "to furnish the services of either the Venice baseball team or one other of the teams now playing baseball in the Pacific Coast League, or an all-star aggregation of players to be chosen from said Pacific Coast League, National League, or American League; said team to play a series of games at the grounds of the Honolulu Athletic Park, Limited, for a season beginning with Saturday, November 10, 1914, and ending December 14, 1914." It was averred in the bill that the words "play a series of games" were intended to mean and meant that games would be played on Wednesdays, Saturdays, Sundays and holidays; that the defendants other than Lowry were persons who composed a baseball team known as the "Venice Tigers," players of unique and extraordinary qualifications whose places could not be supplied, and who intended shortly to return to California; that the defendants without just cause or excuse and in violation of said contract refused to play baseball at the complainant's grounds, and threatened to play elsewhere in Honolulu, at a park not under the control of the complainant, and unless restrained by order of court, would play games of baseball there on November 26, 1914, and thereafter to and including December 14, 1914. The bill prayed for a temporary and permanent injunction against the respondents other than Lowry to restrain them from playing baseball at any other place in the Territory of Hawaii than the grounds of the complainant on any Wednesday, Saturday, Sunday or holiday from November 26 to December 14, 1914. The circuit

judge at once issued a temporary injunction as prayed for. On the petition of the said baseball players this court, on November 28, 1914, granted a perpetual writ of prohibition against the enforcement of the injunction, holding the same to be void for the reason that no contractual relation was shown to exist between the members of the ball team and the complainant, that they had no interest in the subject matter of the suit between the complainant and Lowry, and that the circuit judge acquired no jurisdiction to enjoin them from playing games of ball elsewhere than at the grounds of the complainant merely because the complainant had made them parties to the suit. Further proceedings were had before the circuit judge. On December 2 the defendants other than Lowry filed a general and special demurrer to the bill of complaint. On December 17 the complainant filed a motion for leave to file an amended bill of complaint which motion was overruled on the day following, and on December 23 a decree was entered sustaining the aforesaid demurrer and denying leave to amend the bill of complaint as to the defendants other than Lowry. The complainant appeals from that decree. The contention is that by certain averments contained in the proposed amended bill the grounds upon which this court awarded the writ of prohibition would be overcome, and that the amended bill stated a case against all of the defendants upon which the complainant is entitled to at least some of the relief prayed for including a permanent injunction. The prayer of the proposed amended bill was the same as that of the original bill. Counsel rely on section 1738 of the Revised Laws, and particularly that part of it which provides that "whenever a plaintiff in an action shall have mistaken the *form of action* suited to his claim, the court or judge on motion *shall* permit amendments to be made on such terms as it or he shall judge reasonable." Whether or not the statute applies at all to suits in equity is perhaps an open question. Compare *Wilson* v. *Liliuokalani,* 13 Haw. 466, 470, and *Kaeo* v. *Campbell,* 20 Haw. 423, 425. However that may be,

we are of the opinion that the clause quoted would not apply to this case because here the proposed amendment was not for the purpose of correcting a mistake in the form of action suited to the complainant's claim. The form of action was the same under both the original and amended bills. In *Wilson* v. *Liliuokalani* it was held, in accordance with the established rule of equity practice, that where an amendment offered after a demurrer has been sustained does not go to the extent of making a new bill it is in the discretion of the judge to allow or refuse it. Without stopping to analyze the proposed amended bill we assume for present purposes that it does state a case against the appellees, and that it does not constitute a "new bill" within the meaning of the rule referred to, and hold that such being the case it was within the discretion of the circuit judge to decline to allow it to be filed. Under the authority of *Wilson* v. *Liliuokalani* nothing further need be said. As counsel for the complainant have strongly criticized the grounds upon which the circuit judge based his ruling denying the motion to amend we may add that one at least of those grounds required the denial of the motion, and that was that the time for which the injunctive relief was asked had passed before the motion for leave to amend was filed. It is perfectly obvious that an injunction should not be granted in an attempt to prevent the doing of acts that have already been done. 22 Cyc. 759; *Shafor* v. *Fry,* 164 Ind. 315; *R. Co.* v. *Wildman,* 58 Mich. 286; *Davis* v. *Hartwig,* 195 Mo. 380; *Yount* v. *Setzer,* 155 N. C. 213. Equity will not attempt to do vain things and useless and ineffectual amendments to pleadings are properly disallowed.

The decree appealed from is affirmed.

*R. J. O'Brien* (*E. C. Peters* with him on the brief) for complainant.

*Lorrin Andrews* and *C. H. McBride* for defendants.