*S. S. Rolph* (*Carlsmith & Rolph* on the brief) for respondent.

---

## MAGGIE KUPUKAA *v.* C. H. GRAY.

### No. 1214.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.
HON. C. S. FRANKLIN, JUDGE.

ARGUED OCTOBER 17, 1919.                    DECIDED OCTOBER 24, 1919.

KEMP AND EDINGS, JJ., AND CIRCUIT JUDGE DEBOLT
IN PLACE OF COKE, C. J., ABSENT.

PLEADING AND PRACTICE—*amendments.*

An attempt to change the nature of the action from one in contract to one in tort or *vice versa* is properly not an amendment but a substitution of a cause of action different in nature and sub-

stance from that originally stated and is unauthorized by the laws of this Territory.

OPINION OF THE COURT BY EDINGS, J.

The plaintiff-appellee filed her declaration in assumpsit in the circuit court of the first circuit of the Territory against Charles H. Gray, administrator of the estate of George Malin, alias George Maliu, alias George Maliu Kanaeholo, deceased, defendant, and Equitable Life Assurance Society of the United States, garnishee. The first count in said declaration is in substance as follows: That the defendant is the administrator of the estate of said George Maliu Kanaeholo, deceased; that on or about the month of May, 1915, the plaintiff at the request of said George Malin agreed to become his housekeeper and as such did all of his cooking, washing and housework, in consideration of which the said George Malin agreed to make suitable provision for plaintiff as hereinafter set forth; that plaintiff continued to perform said services up to and including the 25th day of June, 1918, when the said George Malin died; that in the month of October, 1915, the said George Malin took out a policy of insurance on his life in the Equitable Life Assurance Society of the United States, whereby in consideration of the premium of $21.44 then paid to said society by the said George Malin, and of the semi-annual premiums of $21.44 thereafter to be paid, the said society agreed to pay to the heirs, executors, administrators or assigns of the said George Malin, on his death, the sum of $1000; that at or about the time the said George Malin took out the said policy he declared to plaintiff and others that he took out the policy to make provision for plaintiff for performing her services as his housekeeper and that the policy was hers; that thereupon the said "George Malin for valuable consideration orally assigned the said policy and all moneys to become due and

payable thereunder to plaintiff (who had an insurable interest in his life), and delivered the said policy to her, and said policy has been in her possession continuously since said assignment until after the death of the said George Malin;" that plaintiff "received no compensation for her services as housekeeper for the said George Malin other than her food, lodging, clothing and the assignment of the said policy;" that in March or April, 1917, the said George Malin informed plaintiff that he could not longer pay the premiums on said policy, whereupon plaintiff paid said premiums in April, 1917, October, 1917, and April, 1918, out of her own funds; "that the services as housekeeper which plaintiff rendered to the said George Malin, in addition to her food, clothing and lodging from May, 1915, to the date of his death, are of the fair value of $1000;" "that on or about June 26, 1918, the day after the death of the said George Malin, Charles H. Gray, above named, who was not then the administrator of the estate of the said George Malin, and prior to that date was unknown to plaintiff, came to plaintiff's house * * * and asked plaintiff to show him said policy, and represented to plaintiff that it was necessary to have the names in said policy changed, and requested her to hand the same to him for that purpose and he would take it to the insurance company, and plaintiff * * * entrusted the said policy to the said Charles H. Gray for the said purpose." The declaration further recites the appointment of said Gray on August 6, 1918, and that plaintiff is informed and believes that he as such administrator received from said society on said policy the sum of $1000; "that thereafter plaintiff demanded of defendant that he return the said policy to her, or the proceeds which he recovered under the same, which he refused to do;" "that plaintiff has not proved her claim against the estate of the said George Malin * * * and plaintiff is informed and believes * * * that her claim is not a provable claim against the said estate, but is one

for money had and received to the plaintiff's use, and that the said sum of $1000 is not subject to the claim of creditors of the said George Malin;" "that defendant has received the sum of $1000 to the use of the plaintiff and has not paid the same to her, to the plaintiff's damage in the sum of $1000." This declaration also contains three additional counts, each of which said counts is alleged to be "a separate and distinct cause of action against defendant."

Numerous amendments to the declaration were offered by the plaintiff-appellee and allowed by the court apparently upon the theory of conforming the pleading to the proof. These various rulings were duly excepted to by the defendant-appellant and are embodied and set forth in his bill of exceptions and consisted in striking out the words "as administrator of the estate of George Malin, deceased," where the same occur, and discontinuing as to the "Equitable Life Assurance Society of the United States, Garnishee," leaving the action against Charles H. Gray in his individual capacity. We do not deem it essential to review each of these exceptions specifically as a dissertation thereupon can serve no useful purpose.

At the close of the evidence, the action being tried by the court without the intervention of a jury, the plaintiff-appellee moved the court to allow an amendment changing the cause of action from assumpsit to trover, which was by the court allowed and exceptions preserved by the defendant-appellant and embodied in his bill of exceptions as numbers 7 and 8.

In conformity to this amendment the declaration contained solely the common law count of trover, founded on the same fiction that the defendant found the goods in question, namely, the policy of insurance, being the property of plaintiff.

"It was a general rule of the common law that counts *ex contractu* and counts *ex delicto* could not be joined and it is still held even in some of the code States that an at-

tempt to change the nature of the action from one in tort to one in contract, or *vice versa,* is properly not an amendment but a substitution of a cause of action different in nature and substance from that originally stated." 1 Enc. Pl. & Pr. 567. Nor do the statutes of this Territory extend or enlarge this rule. Section 2371 R. L. 1915 provides that "Whenever a plaintiff in an action shall have mistaken the form of action suited to his claim, the court or judge, on motion, shall permit amendments to be made on such terms as it or he shall adjudge reasonable; and the court or judge may, in furtherance of justice and on the like terms, at the trial or on appeal, or at any other stage, before or after judgment, allow any petition or pleading or process or proceeding to be amended by adding or striking out the name of any party, or by correcting a mistake in the name of a party or a mistake in any other respect, or by inserting other allegations material to the case, or, when the amendment does not substantially change the claim or defense, by conforming the pleadings or the proceeding to the facts proved."

This amendment permitted by the court for the purpose of allowing the pleadings to conform to the proof was not simply a change in the form of the action, but was a radical change in its substance and was in effect the substitution of an entirely different action from the one at issue and "substantially changed" both "the claim and defense," bringing it clearly within the prohibition of this section (2371). In the case of *Kaco* v. *Campbell,* 20 Haw. 423, this court held that under this section an amendment to a bill in equity to conform the pleadings to the facts proved will not be allowed when its effect would be to substantially change the petitioner's claim.

These exceptions numbered 7 and 8 are sustained.

*H. Edmondson* for plaintiff.

*F. Schnack* for defendant.