## ALMOS HANU *v.* Y. YAMAICHI.

### No. 1716.

EXCEPTIONS FROM CIRCUIT COURT SECOND CIRCUIT.
HON. D. H. CASE, JUDGE.

SUBMITTED DECEMBER 15, 1926.          DECIDED JANUARY 21, 1927.

PERRY, C. J., BANKS AND PARSONS, JJ.

SHIPPING—*captain of vessel—assault and battery—instructions.*

In an action for damages for an assault and battery brought by a member of the crew against the captain of a boat, when the evidence shows as in this case that the plaintiff unlawfully and

forcibly took the steering wheel away from the defendant for the purpose of deflecting the boat from its course, it was error to instruct the jury in effect that the infliction upon the plaintiff of the injury complained of was as a matter of law unlawful if such injury was inflicted by the defendant for the purpose of repossessing himself of the steering wheel.

SAME.

It was also error, under the evidence in this case, to instruct the jury in effect that the only provocation which would justify the defendant in striking the plaintiff with a broom handle was fear of bodily injury or reasonable grounds to fear bodily injury.

APPEAL AND ERROR—*exceptions—rejected evidence.*

This court will not consider an exception to the action of the trial court in sustaining an objection to a question asked a witness when the record does not disclose any offer to show what the answer would be and that the answer would be material and competent evidence.

OPINION OF THE COURT BY BANKS, J.

This case comes here on exceptions. The plaintiff sued the defendant for damages resulting from an alleged assault and battery and obtained a verdict in his favor in the sum of $2500. The defendant feeling himself aggrieved by certain rulings of the court below brought the case to this court for review. Both parties were employees of the Kahoolawe Ranch Company which was the owner of a sampan called the "Kahoolawe." The defendant was the captain of the boat and the plaintiff was the engineer. In the early morning of August 8, 1925, the boat left the wharf at Kihei on the Island of Maui bound for the Island of Kahoolawe. It was heavily laden with freight which was to be discharged at its place of destination. Besides the defendant and the plaintiff the only other persons on board were three men who were members of the crew. After the boat had departed from Kihei and when it was about one-half a mile from shore the plaintiff went below to investigate and remedy some trouble that had developed in the

engine. While he was doing this, according to his own testimony, the defendant applied to him a highly opprobrious epithet and used towards him language commonly considered profane. Thereupon the plaintiff declared he would quit his job and demanded of the defendant that he reverse the course of the boat and land him, the plaintiff, at Kihei. This the defendant refused to do, saying that after the boat had completed its journey to the Island of Kahoolawe and discharged its cargo it would return to Kihei and the plaintiff could then be landed at that point. The plaintiff, not being satisfied with this arrangement, forcibly took the wheel away from the defendant who was then in possession of it and proceeded to deflect the boat from its course for the purpose of steering it back to the port from which it had departed. There was an altercation between the plaintiff and the defendant, during the progress of which the defendant seized a broom that was near-by and wielded it in such a manner that one of the plaintiff's eyes was entirely destroyed. Hence this suit. The defendant, not denying the consequences of the altercation to the plaintiff, claims that at the time the injury was inflicted plaintiff was making a serious assault on him and that he acted solely in self-defense. In fact, he claims that at the time he possessed himself of the broom he had no intention and never had any intention of doing the plaintiff bodily harm and held the broom with its handle extended in front of him for the sole purpose of warding off the plaintiff's on-coming assault and that the plaintiff rushed upon the handle of the broom of his own accord with the result above indicated; that the violent contact of the plaintiff's eye with the broom handle was without design on his (defendant's) part and was therefore so far as he is concerned an accident. The plaintiff on the other hand claims, and so testified, that at the time his eye

was punched out the struggle between himself and the defendant over the possession of the wheel was at an end; that he had already captured the wheel and was himself in possession of it and was turning the boat in the direction of Kihei; that in this performance he was using both his hands and was neither making nor threatening an assault on the defendant and therefore the injury inflicted on him' was as a matter of law without justification. Assuming but not deciding that his theory of the evidence is correct, we must, nevertheless, determine whether his conclusion of law is sound. The court below evidently thought it was for he gave, at plaintiff's request, instruction No. 9 which is as follows: "If you find from all of the evidence that the plaintiff and defendant were working on the 'Kahoolawe' at the time mentioned in the complaint and that on said day, while the engine of said boat was 'missing' and while the plaintiff was attempting to locate the trouble, the defendant, without any reason or provocation used vulgar and foul epithets towards plaintiff; that thereupon the plaintiff quit his job and demanded that he be put ashore while said boat was within a distance of half a mile from shore; that thereupon the defendant, being in charge of the steering wheel of said boat, refused to put plaintiff ashore and that a scuffle between plaintiff and defendant followed, and that in said scuffle the plaintiff obtained possession and control of the steering wheel of said boat, and that while said plaintiff was holding said steering wheel the defendant, with a broom-handle, with great force and violence struck and poked plaintiff's eye out, then I instruct you that your verdict should be for the plaintiff, not to exceed however the sum of $5,000.00." The giving of this instruction was excepted to by the defendant and is assigned as error. In effect, the trial court by this instruction directed the jury, if they believed from the evidence that

as a result of the "scuffle" between the plaintiff and the defendant over the possession of the wheel the plaintiff had been successful and while he was holding the wheel the defendant with great force and violence struck and poked plaintiff's eye out with the broom handle, they should return a verdict for the plaintiff. In other words, the court decided as a matter of law that if the defendant inflicted on the plaintiff the injury complained of solely in an effort to repossess himself of the steering wheel of the boat the means and force employed by him were excessive. We think this was an invasion of the province of the jury and therefore error. From time immemorial not only the right but the duty of the master of a vessel to exercise supreme command over the navigation of the craft intrusted to his care has been recognized by the law. The reason for this has been nowhere more clearly stated than in *Clark* v. *Jagger*, 1 Haw. 208. At page 213 Chief Justice Lee, in his charge to the jury, said: "It has been truly said, that the master of a vessel holds a station, the responsibility of which has hardly a parallel in any other situation of civil life. He has to govern in good order a little world, and that too, under the most trying circumstances, and in the midst of terrible dangers. Upon his judgment, prudence, skill and courage, often depends not only the safety of the vessel and cargo, but the lives of all on board; and therefore, the law has clothed him with large authority and discretion in the command of his crew. The necessities of the case require that one mind, and not several, should both order and be responsible for the direction of affairs, and hence, he is invested with supreme authority over his crew, whose duty it is to obey his lawful commands in all matters relating to the government, business and navigation of the vessel." It follows as a corollary to the law as above stated that the master is justified in using such force as, under all the

facts and circumstances in evidence, is reasonably necessary to the assertion of his right and the proper performance of his duty. Applying this principle to the instant case the defendant had the right to exert himself within proper bounds to repossess himself of the steering wheel of the "Kahoolawe" which had been wrongfully wrested from him by the plaintiff. Whether he confined himself to such a measure of force or exceeded it was a question of fact for the jury to decide and not one of law to be decided by the court. In his instructions to the jury on the law of self-defense the trial judge properly left it to the jury to determine whether the defendant used more force than was reasonably necessary to repel the assault he claimed the plaintiff made upon him. For the same reason he should have left it to the jury to decide whether, if the force used was solely for the purpose of repossessing himself of the wheel, the defendant used more force than was reasonably necessary.

The defendant also excepted to the giving of plaintiff's instruction No. 2. This instruction is as follows: "If you find from all of the evidence that the defendant struck plaintiff the blow that injured his eye, for the purpose of regaining possession of the wheel of the 'Kahoolawe,' or of maintaining his authority as chief officer of such boat, then you cannot find that the defendant was acting in self-defense." While this instruction, if standing alone, might have been misleading to the jury, taken in connection with other instructions that were given upon the right of defendant to defend himself and to maintain his authority as captain of the boat, the giving of it was not error.

The defendant also excepted to the giving of plaintiff's instruction No. 4, as modified. The instruction is as follows: "If you find from all of the evidence that the plaintiff provoked the defendant but that the defendant

did not fear, or have reasonable grounds to fear, an assault or bodily injury from plaintiff at the time he struck the plaintiff with the broom handle, if you find that he did so strike him, then I instruct you that under the law such provocation is not a justification for defendant's act." The jury was thus told that the only provocation that could justify the defendant in striking the plaintiff would be fear by the defendant or reasonable ground for him to fear an assault or bodily harm from the plaintiff. As a legal proposition this is not sound. It cannot be said as a matter of law that when the plaintiff forcibly and unlawfully took possession of the steering wheel such act was not sufficient provocation to justify the defendant in using whatever force was reasonably necessary to repossess himself of the wheel.

The defendant also excepted to certain rulings of the court below on questions of evidence. These exceptions may be treated together and disposed of on the same principle. The following witnesses were asked the following questions by defendant's counsel. Each of these questions was objected to by counsel for the plaintiff and all of the objections sustained. The plaintiff was asked on cross-examination: "Now, as a matter of fact, Almos, you have been in trouble before for fighting, haven't you?" Angus McPhee, a witness called by the plaintiff, was asked upon cross-examination: "I will ask you this question—do you, or do you not, know the reputation of Almos Hanu, in the community in which he lives, as to combativeness, or quarrelsomeness, or as to peacefulness and good conduct?" The defendant after having testified that he had known the plaintiff in the vicinity of Kihei and Makena, Maui, for a period of four years was asked: "Do you know what his" (meaning plaintiff's) "reputation in that community is as to a peaceful and law abiding citizen?" The defendant was again asked on

direct examination: "And did you believe that he" (meaning plaintiff) "then and there had the power to do you harm and injury?" In none of the foregoing instances did the defendant offer to show what answer the witness would give nor that the answer would be material and competent evidence. Under these circumstances the exceptions will not be considered. In *Yim Fat* v. *Patrick Gleason*, 24 Haw. 210, 212, this court said: "This court will not consider an exception to the action of the trial court in sustaining an objection to a question asked a witness when the record does not disclose any offer to show what the answer will be and that the answer would be material and competent evidence."

Because of the errors above set forth the verdict and judgment are vacated and set aside and a new trial granted.

*E. Vincent* and *C. N. Tavares* for plaintiff.

*J. L. Coke* and *A. E. Jenkins* for defendant.