HELEN KAWAILANI McMILLAN *v.* EMIL C. PETERS AND ROBERT W. SHINGLE, TRUS- TEES UNDER THE WILL OF CHARLES K. NOTLEY, DECEASED, ET AL.

No. 1762.

SUBMITTED SEPTEMBER 28, 1927.        DECIDED OCTOBER 15, 1927.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PARSONS, J.

This case comes to this court on interlocutory appeal from an order denying complainant's motion to amend her bill of complaint by striking out the names of twelve of the fourteen respondents named in the title.

The bill of complaint alleges in effect, among other things, that the complainant was born in Honolulu on the 22d day of September, 1894; that her father was David Fyfe Notley and her mother, the wife of the said David Fyfe Notley, was Helen Kamalu Notley; that said David Fyfe Notley died intestate in Honolulu on or about the 25th day of September, 1922, and was survived

by his widow, Helen Kamalu Notley, who died on the 13th day of October, 1922, and the complainant, their only child, who is the sole surviving lawful issue of the said David Fyfe Notley and his sole heir at law; that the father of said David Fyfe Notley was one Charles Notley, who died testate, a resident of the Territory of Hawaii, on or about the 2d day of May, 1902; that the said Charles Notley, prior to his decease, made and executed a will and codicils thereto whereby a large portion of his property was devised to two trustees, the income derived therefrom to be distributed among the beneficiaries named in said will, the final distribution of said trust estate to be in accordance with the terms of said will and codicils, a copy of each of which is attached to said complaint; that said will and codicils were duly admitted to probate and under the terms thereof said trustees were directed to pay to David Fyfe Notley during the term of his natural life one-sixth of the income derived from said trust estate, the whole of said estate to be distributed upon the death of all of the children of said Charles Notley and upon the death of his niece, Emma Danford; said will further providing "that until the death of all the legatees last named, the income accruing from said trust estate shall, until such event happen, be paid among the heirs at law of all such as may have died before the death of the survivor of said last named legatees;" that the time for distribution of said trust estate pursuant to the terms of said will has not yet arrived; that the trustees, named as two of the parties respondent, now have in their possession one-sixth of the income derived from said trust estate since the date of the death of the said David Fyfe Notley, which belongs to the complainant pursuant to the terms of said will. The complaint further alleges the neglect and refusal of the trustees to pay over to complainant the por-

tion of the estate to which she is entitled as aforesaid, and then follows, as paragraph ten, the following allegation: "That John K. Notley, Mrs. Maria Hughes Colburn, Henry T. Hughes, Emma Victoria Hughes, Clarence Notley, Charles Edwin Hughes, William Notley Hughes, Mrs. Emma Danford, Wm. K. Notley, Lilly Notley Riess and Mrs. V. M. K. Vannatta and Charles K. Notley have interests in the trust estate of Charles Notley pursuant to the terms of his said will, and in order that a full hearing and determination of the matters hereinbefore set forth may be had it is necessary that said parties hereinbefore named be joined in this action as party respondents therein."

The complainant prays that the court decree that complainant is the sole heir at law of said David Fyfe Notley and as such entitled to receive from respondents one-sixth of the income derived from the trust estate created under said will of Charles Notley, deceased, accumulated in the hands of said trustees since the death of complainant's father, David Fyfe Notley, due as aforesaid, and such income as may accrue hereafter, to which complainant as heir at law of said David Fyfe Notley is entitled.

Upon said complaint summons was issued March 8, 1926, and served, as shown by the return thereof, the following day, upon the two trustees above referred to and Charles K. Notley, and under instructions from attorneys for the complainant said summons was returned unserved upon ten respondents.

On March 19, 1926, seven respondents filed their separate answer wherein, among other things, they denied that the complainant was the heir at law of David Fyfe Notley, deceased, and wherein they averred that one-half of the income referred to in the complaint belongs

to said answering respondents under the terms of the will of Charles Notley, deceased.

The respondents pray that complainant's prayer that the trustees be directed to pay over to her the accumulated one-sixth of the income of the trust estate of said Charles Notley, deceased, be denied and that upon a hearing on the merits of the case the court decree that said answering respondents are entitled to one-half of said one-sixth of the income derived from the trust estate created under the will of said Charles Notley, deceased, that the court authorize and direct the trustees of said estate to pay over to respondents the accumulated income due to them as aforesaid and that said trustees be authorized and directed to pay over the future income in like proportion to said respondents.

On February 1, 1927, the trustees under the will of Charles Notley, deceased, filed their answer in the above entitled matter wherein they allege in effect, among other things, that the widow of the said Charles Notley, deceased, elected to take dower in his estate in lieu of the provisions made for her in the said will and codicils; that her dower was assigned to her out of said estate and that in consequence thereof the said David Fyfe Notley and each of the other devisees of the income of the said estate became entitled to receive, and the said David Fyfe Notley during his lifetime did receive, from said trustee respondents and their predecessors in trust a one-fifth share in the income of the residue of the estate remaining after the satisfaction of the said widow's right of dower in said estate. The answer of said trustees further alleges that in and by the said will and codicils it was provided that from and after the death of the survivor of William Notley, son of the said Charles Notley, and of Melisa Notley, wife of said William Notley, the share of the income of the trust estate to which they were dur-

ing their respective lives successively entitled should be divided among the surviving devisees share and share alike and that upon the death of said survivor (which has heretofore occurred) the said David Fyfe Notley became entitled to receive, and during his lifetime did receive, a' one-seventh part of the one-fifth share of the income of the trust estate to which said survivor had theretofore been entitled and that by reason of the matters and things alleged in said answer the said David Fyfe Notley was prior to his death entitled to receive and was up to the time of his death receiving eight thirty-fifths of the income of the trust estate. The trustees further allege that they have in their possession eight thirty-fifths and not one-sixth of the income derived from the trust estate since the death of the said David Fyfe Notley and they admit that they have refused to pay over to complainant any part of the income of said trust estate, alleging that they have no knowledge in respect to the allegations that the complainant is the heir at law of the said David Fyfe Notley or that she is entitled to receive any part of the income of said trust estate. The trustees further allege that Charles K. Notley, a brother of David Fyfe Notley, and six nephews and nieces of the said David Fyfe Notley, the same being the respondents who filed answer herein as above set forth, under date of March 19, 1926, have filed claims with said trustees and have filed in this court an answer to the said bill in which they assert that they, together with one Kamalu Notley, widow of the said David Fyfe Notley, are the heirs at law of the said David Fyfe Notley; that as such heirs at law they are entitled to the said moneys and that the complainant is neither the daughter nor an heir at law of the said David Fyfe Notley, either in fact or according to the laws of descent of the Territory of Hawaii. The trustees further allege that in view of the

conflicting claims of the complainant and of. the other respondents they cannot safely distribute said moneys except under the directions of the court and that they are and at all times have been ready and willing to pay over to such person or persons as may be decreed by this court to be legally entitled thereto the moneys (less their commissions and expenses of their administration of the trust estate) representing the share of the income of the trust estate bequeathed by the said Charles Notley, deceased, to the heirs. at law of the said David Fyfe Notley.

No appearance has been entered for or on behalf of the five following named respondents: Mrs. Emma Danford, Wm. K. Notley, Lilly Notley Riess, Mrs. V. M. K. Vannatta and John K. Notley.

On April 20, 1927, complainant filed her motion to amend the summons and bill of complaint as follows: "First: By striking therefrom the names of John K. Notley, Mrs. Maria Hughes Colburn, Henry T. Hughes, Emma Victoria Hughes, Clarence Notley Hughes, Charles Edwin Hughes, William Notley Hughes, Mrs. Emma Danford, Wm. K. Notley, Lilly Notley Riess, Mrs. V. M. K. Vannatta and Charles K. Notley, parties respondent in said cause, on the ground and for the reason that the parties so named are no longer proper or necessary parties to the above entitled cause. Second: By adding to said bill of complaint a further paragraph reading as follows: 'XII. That since the filing of the bill of complaint in this cause and issue joined therein by the respondents, Mrs. Maria Hughes Colburn, Henry T. Hughes, Emma Victoria Hughes, Clarence Notley Hughes, Charles Edwin Hughes, William Notley Hughes and Charles K. Notley, therein named, in a certain action pending in the circuit court of the first judicial circuit, Territory of Hawaii, at chambers in equity, entitled "Helen Kawailani McMillan, complainant v. Patrick Gleason, respondent, Charles K. Not-

ley, Clarence Notley Hughes, William Notley Hughes, Emma Victoria Hughes, Charles Edwin Hughes, Maria Hughes Colburn, Henry Thomas Hughes and John I. Makaiwi, intervenors," in which said action there was involved the issue as to whether or not the complainant herein was the only child and lawful issue of David Fyfe Notley and pursuant to territorial law was entitled to inherit his estate as his sole heir at law, it was decreed by the circuit judge sitting at chambers in equity in said cause that said Helen Kawailani McMillan was the sole lawful issue of David Fyfe Notley and as such entitled to inherit his property as his sole heir at law, which said decree was thereafter affirmed by the supreme court of the Territory of Hawaii and on further appeal by the circuit court of appeals of the ninth circuit,' " said motion being based upon the record and upon an attached affidavit of counsel for complainant.

On May 13, 1927, the trial judge entered an order granting complainant's motion for leave to amend to the extent of permitting the addition of the above-quoted paragraph twelve and denying said motion with reference to striking names of respondents from the complaint and summons. It is from the order last above named that appeal to this court has been taken and allowed.

In the trial judge's decision, a transcript of which forms a part of the record on appeal, is set forth the fact that the complaint still contains the allegation that the parties whose names complainant now seeks to strike "have interests in the trust estate of Charles Notley pursuant to the terms of his said will and in order that a full hearing and determination of the matters hereinbefore set forth may be had it is necessary that said parties hereinbefore named be joined in this action as parties respondent therein." This allegation makes them proper parties respondent in said suit without regard to any

question as to the certainty or sufficiency upon demurrer of the complaint as it now stands, with paragraphs ten and twelve both included, and without regard to any question of *res judicata* which may be raised or waived at the trial.

Appellant claims the right to amend under section 2360 R. L. 1925, which provides as follows: "Whenever a plaintiff in an action shall have mistaken the form of action suited to his claim, the court or judge, on motion, shall permit amendments to be made on such terms as it or he shall adjudge reasonable; and the court or judge may, in furtherance of justice and on the like terms, at the trial or on appeal, or at any other stage, before or after judgment, allow any petition or pleading or process or proceeding to be amended by adding or striking out the name of any party, or by correcting a mistake in the name of a party or a mistake in any other respect, or by inserting other allegations material to the case, or, when the amendment does not substantially change the claim or defense, by conforming the pleadings or the proceeding to the facts proved."

"Whether or not the statute applies at all to suits in equity is perhaps an open question." *Honolulu Athletic Park* v. *Lowry,* 22 Haw. 475, 477.

Assuming but not deciding that it does so apply, the portion which provides for amendment by striking out the name of any party is permissive and discretionary as is shown by the provision that the court or judge *may* in furtherance of justice allow any petition, pleading or process to be so amended; and in this view the portion of the statute above referred to is in conformity with equity practice and with the reported decisions of this court.

Said Mr. Justice Harlan in delivering the opinion of the court in *Hardin* v. *Boyd,* 113 U. S. 756, 761: "In ref-

156

erence to amendments of equity pleadings the courts have found it impracticable to lay down a rule that would govern all cases. Their allowance must at every stage of the cause rest in the discretion of the court; and that discretion must depend largely on the special circumstances of each case. It may be said generally that in passing upon applications to amend the ends of justice should never be sacrificed to mere form or by too rigid an adherence to technical rules of practice. Undoubtedly great caution should be exercised where the application comes after the litigation has continued for some time or when the granting of it would cause serious inconvenience or expense to the opposite side."

The foregoing excerpt has been quoted approvingly in the much cited case of *Richmond* v. *Irons*, 121 U. S. 27, 47, and in later cases listed in Shepard's Citations and it forms the basis of the rule set forth in the text of the second paragraph of the article on amendments in 1 Ency. Pl. & Pr., p. 463. Quoting from the volume last above cited, on page 464: "In reviewing the exercise of discretion in granting or refusing leave to amend, an appellate court will not reverse the action of the court below unless it affirmatively appears that there was a plain abuse of discretion—that the appellant was put to serious disadvantage or materially prejudiced thereby, or that some statutory provision or established rule of practice was violated." See also 21 R. C. L. 572.

Said this court in *Wilson* v. *Liliuokalani,* 13 Haw. 466, 469: "We do not agree with the circuit judge in the reason given for refusing to allow the amended bill to be filed; however, this motion was addressed to his discretion. He could have allowed it or denied it as the circumstances of the case or the interests of justice might have seemed to require and his action thereon would not be subject to review in the appellate court unless the dis-

cretion was clearly abused" (citing *Bishop & Co.* v. *The Pacific Navigation Co.*, 7 Haw. 277, and *Mist* v. *Kawelo*, 13 Haw. 302). This opinion was later approved in *Love* v. *Love*, 17 Haw. 206.

The amendment in the instant case was sought to be made more than thirteen months after the filing of the complaint, after the seven respondents had filed their answer praying for affirmative relief and after the case was at issue between the complainant on the one hand, and the seven respondents above referred to and the two trustees on the other hand. These considerations might well have influenced the trial judge to deny the motion to amend. In his decision the trial judge points out that notwithstanding the potential bar of the judgment in *McMillan* v. *Gleason* the respondents may still contest the identity of the complainant herein; and appellees urge, with equity, that if the judgment last above referred to were introduced as a bar they might still attack it collaterally, if the facts so warranted, for want of jurisdiction or for fraud. These are matters which were entitled to consideration. The motion was addressed to the sound discretion of the trial judge and in the absence of an abuse of the latter's discretionary powers this court cannot reverse his ruling. No such abuse has been called to our attention and none is disclosed by the record.

The ruling appealed from is affirmed.

*Prosser, Anderson & Marx* for complainant.

*Huber, Kemp & Stainback* for respondent C. K. Notley.

*Peters & O'Brien* for other respondents.