## ALMOS HANU *v.* Y. YAMAICHI.

### No. 1837.

Submitted February 26, 1929.      Decided April 2, 1929.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PARSONS, J.

This is an action in trespass for damages resulting

from an alleged assault and battery. Upon the first trial of the case plaintiff obtained a verdict and judgment which upon exceptions to this court were vacated and set aside. For a statement of the facts in the case reference is made to *Hanu* v. *Yamaichi,* 29 Haw. 564. The case is now before us upon bill of exceptions to errors alleged to have been committed upon the retrial. Upon cross-examination of the plaintiff defendant introduced as his exhibit 1, without objection on the part of the plaintiff, a copy of an instrument which purported to be an assignment executed under date of July 20, 1926, from the plaintiff to A. F. Tavares, trustee, of all of the plaintiff's right, title and interest in and to the judgment aforesaid of May 17, 1926, together with the "claim and cause of action upon which said judgment is based." This was offered by the defendant and admitted by the court for the purpose of showing that the plaintiff had transferred all his right, title and interest in the action then pending. Defendant then moved that "the case abate and the jury be instructed to return a verdict in favor of the defendant on the record as it now stands." Whereupon the plaintiff moved to amend his declaration so that the title would read "A. F. Tavares, Trustee for Almos Hanu, Plaintiff, vs. Y. Yamaichi, Defendant," and by adding a paragraph setting forth that "on the 20th day of July, 1926, Almos Hanu appointed A. F. Tavares, trustee, to prosecute the above entitled action and that the said proceedings be conducted in his name."

The court then held that by the above named assignment the plaintiff had transferred to Tavares all of the plaintiff's interest in the claim upon which said judgment was based and denied plaintiff's motion to amend upon the ground that it would not be "right" to the defendant to permit a substitution of parties plaintiff at the stage to which the trial had then progressed—it then being too

late to examine the jurors as to their bias or prejudice toward the assignee or thereafter to challenge them for cause or peremptorily. Said the court in conclusion: "The motion to amend will be denied and the jury instructed to return a verdict in favor of the defendant," to which ruling the plaintiff noted an exception, which was allowed. Thereupon the court directed and the jury returned a verdict in favor of the defendant.

The questions presented by plaintiff's exceptions are: (1) Did the trial court err in denying plaintiff's motion to amend? and (2) Did said court err in granting the defendant's motion for a directed verdict? These points will be considered in the order in which they are above stated.

1. First, as to the plaintiff's motion to amend. The motion sought to substitute as sole party plaintiff the assignee of a non-negotiable chose in action under an assignment made *pendente lite,* for the assignor of said chose. The motion was opposed by defendant. The grounds for the opposition to the motion were that the amendment sought an entire change of parties; that there was nothing in the record to show that Tavares is trustee for Hanu, nothing to show that Tavares has authorized anyone to make him a party to the suit or that he desires to prosecute the same; and that the change may be prejudicial to the defendant because of the possible disqualification of the jurors by reason of their possible relationship to the new plaintiff. There was no allegation or showing of actual prejudice. It was not urged that a right of action in trespass for assault and battery is not assignable in Hawaii. The question apparently was not considered in the circuit court. Both parties and the court assumed that the assignment accomplished a transfer of plaintiff's interest to Tavares. The question was not raised in this court by the bill of exceptions or

the original briefs and appeared for the first time upon questions propounded by the court to counsel. In the view we take its decision is not necessary to a determination of the case. The reasons given by the trial judge for sustaining the motion were in effect (a) that it came too late and (b) that the granting of the motion at the stage which the proceedings had then reached might be prejudicial to the rights of the defendant. The stage of the proceedings referred to was after the jury had been empaneled and sworn to try the case. Possible prejudice referred to was in effect because of the inability of the defendant at that stage to examine the jurors or to challenge any one or more of them peremptorily or for cause with reference to their bias, actual or implied, as to the new plaintiff.

If the chose in action was not assignable, the motion to amend was properly overruled. If the chose in action was assignable, the motion was still, within the discretion of the court, not improperly overruled. The reason for so holding may be stated as follows: section 2361, R. L. 1925, confers upon the assignee of a non-negotiable chose in action, assigned in writing, the right to maintain thereon in his own name any action which, but for the assignment, might be maintained by the assignor, subject to equities and set-offs therein referred to. This statute confers upon the assignee rights which were not his at common law, but it does not deprive him of any theretofore existing rights in the premises. Therefore the assignee could have proceeded in the name of the assignor. "By an assignment of a chose in action the assignee acquires the right to proceed at common law to enforce the chose in the name of the assignor as the legal plaintiff for his own benefit." 5 C. J. 981. "The assignor stands, with respect to the assignee, in the position of trustee, agent, attorney, or the like, it being held that the assignor,

by the fact of the assignment, authorizes the assignee to use his name in any legal proceedings that may become necessary, in order to give full effect to the assignment. * * * It would seem to be immaterial generally whether the action is brought specifically for the benefit of a named usee or without mention of the party for whose use it is brought, since defendant has to do only with the legal title." 5 C. J. 983. "Where an assignment is made by plaintiff in an action after suit brought, the assignee acquires the right to control the action, and his rights as assignee will be protected. The assignment operates as an implied authority from the assignor to the assignee to use the assignor's name to protect the rights assigned." 5 C. J. 984.

After the passage of section 2361, above referred to, the assignee in the events above set forth could still proceed in the name of the assignor. This being true, the action in the present case, notwithstanding the assignment, was still maintainable in the name of the original plaintiff. Because of this fact and because of the fact that the assignee was not a necessary party plaintiff, it was no abuse of discretion on the part of the trial court to deny the motion to amend by subsituting as party plaintiff the assignee for the assignor. "Useless and ineffectual amendments to pleadings are properly disallowed." *Honolulu Athletic Park* v. *Lowry,* 22 Haw. 475, 478. Thus the ruling of the trial court, denying leave to amend, being a sustainable ruling, in any view, it is unnecessary for us to review the reasons given therefor. "It is a well established rule that a judgment, order or decree will be affirmed on appeal, if the record shows it to be correct, although the trial court may have given a wrong reason for making it." *Consolidated Amusement Co.* v. *Hughes,* 22 Haw. 550, 557. We find no error in the trial court's denial of the motion to amend.

2. Coming now to the second question: Did the court err in granting defendant's motion for a directed verdict? This motion and the order sustaining it were based upon the theory that after the assignment no right of action survived which could be prosecuted in the name of the plaintiff. This theory, as we have already shown, was incorrect. The action then being properly maintainable in the name of the original plaintiff, it was error on the part of the trial court to direct a verdict for the defendant because of the plaintiff's alleged lack of interest in the subject matter of the suit.

Plaintiff's exception to the granting of defendant's motion for a directed verdict is sustained and a new trial is granted.

*E. Vincent* for plaintiff.

*J. L. Coke* and *W. T. O'Reilly* for defendant.